UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| ROSE ANN ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-1422-JDT-WTL |
| | ) | |
| MEIJER STORES LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 27)**[1]


The Plaintiff, Rose Ann Adkins, is an active woman who, unfortunately, at the

age of 77 suffered a severe fall on September 16, 2004, in the parking lot of

Defendant's store.  The Defendant, Meijer Stores Limited Partnership ("Meijer"), is a

Michigan limited partnership.  Its principal place of business is Michigan and its sole

general partner and sole limited partner are Michigan corporations.

Adkins filed a lawsuit alleging a state cause of action for negligence in Marion

County Superior Court on August 19, 2005.[2]  Meijer removed the case to this court on

September 23, 2005, and, following discovery, filed a Motion for Summary Judgment

---

[1]  This Entry is a matter of public record and will be made available on the court's web
site.  However, the discussion contained herein is not sufficiently novel to justify commercial
publication.

[2]  Adkins initially filed her lawsuit against Meijer, Inc., but subsequently amended her
complaint and other pleadings, by joint motion approved April 24, 2006, to name the proper
party, Meijer Stores Limited Partnership.

(Document No. 27) on July 14, 2006.  Adkins filed her Response in Opposition

(Document No. 42) on July 31, 2006, and no further briefs were submitted within the

timelines allowed by the court.  S.D. Ind. L.R. 56.1.

The amount in controversy exceeds $75,000, exclusive of costs and interest,

and diversity of citizenship has been established.  This matter is therefore properly

before the court pursuant to 28 U.S.C. §1332(a)(1).  The motion is ready for review.

The court rules as follows.

## I.  BACKGROUND

On September 16, 2004, Adkins, who was then 77 years old, accompanied her

daughter, Monta Riggs,[3] to the Meijer's store on East Washington Street in Indianapolis.

(Adkins Dep. 3, 7, 9.)  When finished shopping, they each rolled their shopping cart

back to Monta's car and unloaded their purchases.  (*Id.* at 33.)  Then Adkins joined the

two carts together, one nestled inside the other, and began pushing them to a cart

corral.  (*Id.* at 33-34.)  When one of the carts, presumably the forward one, became

loose, Adkins went after it to prevent it from striking a truck.  (*Id.* at 34.)  As she did, she

fell.  (*Id.*)

Adkins said she felt something under her feet when she fell.  (*Id.*)  "I don't know

what it was, but it was just like I was picked up and throwed.  It was like I was throwed

inside of a dry swimming pool."  (*Id.*)  As a result of the fall, Adkins' shoulder was broken

---

[3]  To avoid confusion, the court will refer to Monta Riggs and her daughter, Jennifer Riggs, by their first names on subsequent references.

in two places, her nose was fractured, and she received a bump to her head.  (*Id.* at 26, 47.)  She subsequently underwent total shoulder replacement surgery.  (*Id.* at 26.)

A Meijer employee, store detective Kevin Paicely Jr., went to the accident scene before an ambulance took Adkins to the hospital.  (Paicely Dep. 5, 12.)  Paicely observed that Adkins' shoes were worn.  (*Id.* at 10.)  He did not observe anything else that might have contributed to her fall.  (*Id.*)  After the ambulance departed, he took photographs of the accident area.  (*Id.* at 12.)  One of the photographs shows a piece of paper in the parking lot.  (*Id.* at 20.)  Paicely did not recall any paper near Adkins when he saw her.  (*Id.*)  Other photographs show where the parking lot had been patched and sealed.  (*Id.* at 21.)

Adkins' granddaughter, Jennifer Riggs, returned to the Meijer's parking lot the next day and photographed the parking lot, also.  (Adkins Dep. 48-49.)  Adkins could not say whether Jennifer photographed the area where she fell because she could not recall the area.  (*Id.* at 49.)

Adkins obtained a handicap placard following a car accident in 1998.  (*Id.* at 14.)  She testified in her deposition that she does not have trouble walking, however, and she is able to climb a step ladder to clean her windows and the top of her refrigerator.  (*Id.* at 9, 25.)  She obtained the handicap placard so that she could park close to the store entrances.  (*Id.* at 14-16.)

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  An issue of fact is material if it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004).  An issue is genuine if a reasonable fact finder could find for the nonmoving party.  *Id.*  If there is a genuine issue of material fact, that is, evidence that would allow a reasonable jury to return a verdict for the nonmoving party, then summary judgment is not appropriate.  *Anderson*, 477 U.S. at 248.  However, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.

When deciding a motion for summary judgment, the court must consider all evidence, and draw all reasonable inferences therefrom, in the light most favorable to the nonmoving party.  *See Anderson,* 477 U.S. at 255 (1986).  The moving party "bears the initial responsibility" of identifying specific facts within the record that "demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  When a motion for summary judgment is made and properly supported, the nonmoving party may not rest on the pleadings or denials but must set forth the specific evidence showing there is a genuine issue of material fact that requires a trial.  Fed. R. Civ. P. 56(e).  The moving party is entitled to summary judgment if the nonmoving party "fail[s]

to make a sufficent showing on an essential element" of the case on which it has the

burden of proof. *Celotex*, 477 U.S. at 323.

## III.  DISCUSSION

Meijer asserts that the plaintiff cannot produce evidence that a duty was

breached or that such a breach caused her injury.  Adkins counters that summary

judgment is inappropriate in this claim of negligence because she has provided

sufficient evidence for a jury to conclude that a defect on the parking lot caused her to

fall.  (Pl.'s Br. 4.)  This evidence is her testimony that she slipped on something

combined with testimony and photographs revealing 1) that the parking lot pavement

had been patched and sealed, 2) that paper debris was in the area, and 3) that there

were cracks and uneven pavement in the area.   (*Id.* at 6.)

Adkins builds her argument that this evidence is sufficient on a line of Indiana

premises liability cases holding that a plaintiff's inability to pinpoint the cause of a fall is

not fatal to the claim.  In *Golba v. Kohl's Department Store*, 585 N.E.2d 14, 17 (Ind. Ct.

App. 1992), the Indiana Court of Appeals held that summary judgment was precluded

when the plaintiff testified that she slipped on a "rounded object," and defendant could

not establish its lack of constructive knowledge of the object.  Similarly, in *Barsz v. Max

Shapiro, Inc.*, 600 N.E.2d 151, 153-54 (Ind. Ct. App. 1992), the court found that a

defendant restaurant was not entitled to summary judgment when it could not establish

that a food or drink spill did not cause plaintiff to fall or that it met its duty to ensure a

reasonably safe floor.

Adkins argues that these cases, *Golba* and *Barsz*, establish that a plaintiff's lack

of personal knowledge about the exact cause of the fall "is not dispositive as long as

there is enough evidence to demonstrate that a particular defect most likely caused the

[p]laintiff to fall." (Pl.'s Br. 5.)  These cases do not stand for this.[4]  Rather, in both cases,

the court focused on the inability of the defendants to rule out all possibilities of

negligence on their part.  Unfortunately for Adkins, this focus, which lies at the heart of

the holdings, is not relevant to her case.  While *Golba* and *Barsz* would be controlling in

a state court, they are not applicable to the showing that Adkins must make to survive

summary judgment in federal court.

This case, to borrow a line used by the Indiana Court of Appeals last year,

exposes the differences between the federal and state standards for motions of

summary judgment.  *See Dennis v. Greyhound Lines, Inc.*, 831 N.E.2d 171, 173 (Ind.

Ct. App. 2005).  The Indiana Supreme Court has discussed how these differing

standards affect summary judgment procedures.  *Jarboe v. Landmark Cmty*

*Newspapers of Ind.*, 644 N.E.2d 118, 123 (Ind. 1994).  Under Indiana law, a defendant

seeking summary judgment must negate the plaintiff's claim by establishing that no

genuine issue of material fact exists.  *Id.*  Only then does the burden shift to the plaintiff

to show the existence of a genuine issue.  *Id.*  In contrast, a defendant in federal court

---

[4] Adkins' mistake is understandable because a slight wording change would have
helped correct her error.  If she had said, "lack of knowledge is not dispositive so long as there
is evidence that a defect *could have caused* the fall," she would have come close to hitting the
mark.  But even this would fall short because, in *Golba* and *Barsz*, the appeals court was not
concerned so much with the evidence produced by the plaintiff but with the defendant's
showing.

need only state a basis for alleging the absence of any genuine issue and identify the

facts supporting this assertion.  *Id.* (citing *Celotex*, 477 U.S. at 323).  The burden then

shifts to the plaintiff to demonstrate the existence of a genuine issue for trial.  *Id.*  As the

Indiana Supreme Court stated, "Indiana does not adhere to *Celotex* and the federal

methodology."  *Id.*   But federal courts do.

Here, both parties have supported their arguments with multiple citations to

Indiana cases.[5]  While these citations are helpful in determining Indiana's substantive

law, such as the elements of a premises liability negligence claim, the cases are

generally irrelevant to issues regarding the parties' respective burdens of production at

summary judgment.  The Seventh Circuit has stated more than once that even though

district courts are to follow state substantive law in diversity cases, they are to follow

federal summary judgment procedure.  *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th

Cir. 2006); *Jean v. Dugan*, 20 F.3d 255, 262-63 (7th Cir. 1994); *McEwen v. Delta Air

Lines, Inc.*, 919 F.2d 58, 60 (7th Cir. 1990).[6]  As the court stated in *Maroules*, federal

_____

[5]  Adkins draws on state law and state trial rules in her proffered summary judgment standard.  (Pl.'s Br. 3-4.)

[6]  Although these and other cases require the court to follow the federal rules for summary judgment, some confusion has arisen from a line of cases that appear to hold otherwise. *See, e.g., Sokol Crystal Prods., Inc. v. DSC Commc's Corp.*, 15 F.3d 1427, 1431 (citing *Bilski v. Scientific Atlanta*, 964 F.2d 697, 699 n.2 (7th Cir. 1992); *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1382 (7th Cir. 1990)). Although the *Sokol* court refers to the standard for judgments as a matter of law, which would include summary judgment, *Sokol* and the cases it cited were addressing the standard for judgments notwithstanding the verdict. At that point in the case, the issue is the standard of proof required to support the substantive claim – not the standard required to proceed in court.  The *Sokol* line of cases is irrelevant to summary judgment procedure.
     As the Supreme Court has noted, the standard of proof required to support a substantive claim is not irrelevant to the summary judgment standard.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986) (declaring that "in ruling on a motion for summary judgment, the judge
(continued...)

law requires the court to evaluate the sufficiency of the evidence.

> If reasonable persons could not find that the evidence justifies a decision for a party on each essential element, the court can grant summary judgment using federal standards.  Federal courts may therefore grant summary judgment under Rule 56 upon concluding that no reasonable jury could return a verdict for the party opposing the motion, even if the state would require the judge to submit an identical case to the jury.

*Maroules*, 452 F,3d at 645-46 (citations omitted).

Under the federal summary judgment standards then, a district court may find itself dismissing a case that, with nearly identical facts, might proceed to trial in state court.  (Presumably the ultimate outcome will be the same as the shortcomings that require summary dismissal in federal court will require a jury to come to the same conclusion in state court or a directed verdict.)  This explains why the Indiana Court of Appeals overturned summary judgment in *Golba* while the Seventh Circuit, in a case involving highly similar facts, upheld summary judgment in *Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 294 (7th Cir. 1996).

In *Buckner*, this court granted summary judgment to a store owner because the plaintiff failed to establish a prima facie case.  *Buckner v. Sam's Club, Inc.*, TH93-C-

---

[6](...continued)
must view the evidence presented through the prism of the substantive evidentiary burden").  This does not help Adkins, however.  All this means is that the court must apply the federal sufficiency of evidence standard in light of the substantive evidentiary standard.  If, for example, negligence in Indiana required proof by clear and convincing evidence, then the court would require a greater showing of evidence by Adkins to remain in court than it would require under the preponderance of evidence standard.

1219, mem. entry (S.D. Ind. Apr. 5, 1995).  Similar to *Golba* plaintiff who claimed to slip

on a "round object," the *Buckner* plaintiff said she slipped  on a "lumpy" object.  *Id.* at 7.

This court noted that the plaintiff's "allegation that she stepped upon some small object

which caused her to fall is simply an insufficient basis upon which to ground her claim."

*Id.* at 16.  Moreover, the plaintiff presented no evidence that the store owner had any

knowledge of the existence of a dangerous condition.  *Id.* at 18.  The Seventh Circuit

affirmed the court's summary judgment because there was no direct evidence that the

lumpy object came from a nearby display, as the plaintiff suggested, or that the lumpy

object had been on the floor long enough for the store owner to know about it.  *Buckner*,

75 F.3d at 294.  The store owner could not be held liable without some evidence

establishing the store's negligence and linking that negligence to the plaintiff's fall.  *Id.*

"[W]ithout such minimal linkage, [the plaintiff] cannot state a prima facie case of

negligence."  *Id.*

 To prevail on a claim of negligence in Indiana, a plaintiff must prove (1) that the

defendant owed a duty to the plaintiff, (2) that the defendant breached that duty, and (3)

that the breach was the proximate cause of the plaintiff's injury.  *Dennis*, 831 N.E.2d at

173.  The extent of a landowner's duty is determined by the status of the person at the

time of injury.  *See St. Mary's Med. Ctr. of Evansville, Inc. v. Loomis*, 783 N.E.2d 274,

282 (Ind. Ct. App. 2002); *Markle v. Hacienda Mexican Rest.*, 570 N.E.2d 969, 972 (Ind.

Ct. App. 1991).  A customer is an invitee, to whom a business owes its highest duty –

the duty of reasonable care.  *Burrell v. Meads*, 569 N.E.2d 637, 639-41 (Ind. 1991).

Here, Meijer does not dispute the duty it owed to Adkins.  (Def.'s Mem. 6.)  The only

issues are whether Meijer breached a duty of care to Adkins and, if so, whether that breach led to Adkins' injuries.

Adkins has not submitted any evidence on these questions.  She has testified that there was "something under her feet" and that "something threw her."  However, this alone does not establish any breach of duty by Meijer.  The observation of a piece of paper on a parking lot is irrelevant when the only testimony indicates that the paper was not present at the time of the accident.  The photographs taken by Paicely and Jennifer are evidence that the parking lot has been repaired.  However, neither the Indiana legislature nor courts have imposed a duty on landowners to replace deteriorating pavement rather than patch it.

Jennifer's pictures depict some unsealed cracks and a pavement patch that appears to rise higher than the surrounding pavement.  However, Adkins has provided no information regarding the size of these cracks or the height of the raised pavement. Nor has she provided any expert testimony that these conditions were outside acceptable limits.  Without evidence of this nature, a jury could not conclude that Meijer breached its duty of reasonable care.  Such a conclusion would not be a reasonable inference.  It would only be a guess.

Even if Adkins could somehow show that Meijer breached its duty, she would have to submit some evidence showing, or at least allowing a reasonable jury to conclude, that this breach caused her injuries.  She has not shown that the raised

pavement or cracks were located in the area where she fell.[7]  Nor has she established

that there was debris on the pavement at that time.[8]

As in *Buckner*, where a plaintiff claimed to have slipped on a small object, near a

a display of watches and jewelry, and on a waxed floor, *Buckner*, TH93-C-1219 at 3,

Adkins is trying to establish her claim on a few circumstances that could suggest a

theory of liability.  She felt something under her feet; the pavement had been patched

and sealed; and debris is sometimes found in the parking lot.  As this court noted

regarding the plaintiff in *Buckner*, Adkins is attempting to impose liability under the

doctrine of res ipsa loquitur.  *See id* at 16.

This doctrine, which literally means "the thing speaks for itself" when translated

from Latin, is a shortcut to proving a negligence claim when direct evidence of causation

is missing.  *See Maroules*, 452 F.3d at 642.  Under Indiana law, a plaintiff can establish

a defendant's negligence from the circumstances surrounding the injury.  *Rector v.*

*Oliver*, 809 N.E.2d 887, 889 (Ind. Ct. App. 2004).  However, the plaintiff must show (1)

that the injuring instrumentality was within the defendant's exclusive management and

control, and (2) that the accident was the type that does not ordinarily happen when

those in control exercise proper care.  *Id.* at 890.  Here, Adkins cannot establish the

injuring instrumentality when she does not know what caused her to fall.  Moreover, a

---

[7]  Adkins' comments about how the photographs were taken are speculative and inadmissible to establish the area photographed.  (*See* Adkins Dep. 48.)

[8]   Even if Adkins established that debris was present, she would still have to show that Meijer was aware of the debris or that it had been present for a sufficiently long time that a landowner exercising reasonable care would have discovered the debris and removed it.  She has shown neither.

slip-and-fall in a store parking lot is not the sort of accident that happens only when a store is negligent.  People in parking lots may stumble when their attention is diverted. They can trip over their own feet.  They can slip on items that have fallen from their own carts or from someone just passing by.  Adkins' claim does not meet the res ipsa requirements.

The Seventh Circuit has referred to summary judgment as "the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince trier of fact to accept its version of events."  *Schacht v. Wis. Dep't of Corrs.*, 175 F.3d 497, 504 (7th Cir. 1999), *overruled on other grounds by Higgins v. Mississippi*, 217 F.3d 951 (7th Cir. 2000).  Adkins has not shown that Meijer breached its duty, and much less that any breach caused her injuries.  Her claim must be dismissed.

## IV.  CONCLUSION

For the reasons stated above, the court will **GRANT** Defendant's Motion for Summary Judgment (Document No. 27).

ALL OF WHICH IS ENTERED this 10th day of October 2006.

_____

John Daniel Tinder, Judge
United States District Court

12

Copies to:

Magistrate Judge William T. Lawrence

Carol A. Townsend
Townsend & Montross
catownse45@hotmail.com

John F. Townsend
Townsend & Montross
townsendmontross@aol.com

Deanna A. Dean-Webster
Dean-Webster & Wright, LLP
ddean@dwwlegal.com